No. 11,729.

Second Industrial Bank *v.* Morrison, et al.

Decided September 24, 1928.

Mr. B. C. HILLIARD, JR., for plaintiff in error.

No appearance for defendants in error.

*Department One.*

MR. JUSTICE WALKER delivered the opinion of the court.

As far back as 1925, plaintiff in error invoked the aid of the justice court to collect $12.50 from the defendants in error, upon a claim for house rent. That court being unfavorably disposed to the claim, the undaunted plaintiff called upon the county court to correct the injustice it had suffered. The county court however proved obdurate also, and the $12.50 must go uncollected unless this court presumes to overturn the judgment of the two tribunals which successively fell into the errors of which the plaintiff complains. This we find ourselves unable to do, although we have examined the record with a degree of care commensurate not only with the amount involved, but also with the seriousness of the menace to plaintiff from what its counsel denominates the "fungus outgrowth" of its unsuccessful litigation.

The plaintiff's claim, as stated to the trial court by its counsel, was that the defendants occupied plaintiff's premises as tenants of the plaintiff for fifteen days, upon an agreement to pay rent at the rate of $25 per month. The finding of the court, however, was for the defendant, and this finding, the effect of which can not be restricted by any of the comments or remarks made by the court in arriving at it, must dispose of the case in this court

if there was evidence to sustain it. The defendants entered into possession under one J. B. Hurt, on May 15, 1925, under an arrangement by which defendants were to pay no rent. Shortly prior to June 1st, plaintiff advised them that plaintiff had purchased the property. Conversations then ensued between defendants and plaintiff's representatives, regarding a possible sale of the premises to the defendants, or a lease thereof. According to the testimony on behalf of the defendants, the defendants told the plaintiff's representative that the defendants would not stay in the place and were leaving; plaintiff's representative then asked, "Would you rent the place?", stating that the rent asked was $25, and defendants said they would not pay $25 for the place; plaintiff's representative thereupon said that he would rent the place only under a lease for a year at $25 a month, and defendants told him they would not take the place; plaintiff's representative then said, "You stay here a few days and decide whether you will take it or not, and then come down and let us know, I think you will decide to buy it"; defendants then told him they would not decide to buy it, that they were leaving; and defendants later went down and told plaintiff's representative that they were leaving, and did in fact move out within less than two weeks. If these were the facts, there was no contract, express or implied, to pay $25 per month rent, and the defendants were entitled to judgment.

The judgment will be affirmed.

Mr. Chief Justice Denison, Mr. Justice Whitford and Mr. Justice Adams concur.